**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                     Case No.  8:12-cr-457-T-24 MAP

ARNOLD MAURICE MATHIS

_____/

**ORDER**

This cause comes before the Court on the Arnold Mathis' motion for new trial (Dkt.194). The Government filed a response in opposition (Dkt. 197). Having considered the motion, and the response, as well as all attachments to both, the Court has determined the motion should be denied.

    I.  Background

Mathis was convicted by a jury of one count of producing or attempting to produce child pornography, one count of attempting to produce child pornography, one count of enticing and attempting to entice a minor to engage in sexual conduct, and one count of committing the offenses in counts one, two, and three while being required to register as a sex offender on March 22, 2013.  He was sentenced to 40 years in the Bureau of Prisons.  After being sentenced in federal court, Mathis was transported to state custody to face additional charges.  Mathis appealed his federal case and the Eleventh Circuit affirmed his convictions and sentence on September 24, 2014.  The Supreme Court denied his petition for a writ of certiorari on February 23, 2015.

On August 6, 2015, Mathis filed this motion for new trial pursuant to Rule 33(a) and (b)(6) based on newly discovered evidence.  The newly discovered evidence alleged by Mathis is that law enforcement illegally accessed his cell phone on December 19, 2011, prior to obtaining a search warrant, and therefore the phone evidence against him should have been suppressed.

He bases this argument on a memorandum and deposition testimony by an expert, Robert Moody, who was retained by his attorney in his state court case. Moody opined that Mathis' cell phone and its photo gallery were accessed on December 19, 2011, after Mathis was in custody but before law enforcement had obtained a search warrant. Mathis alleges that this evidence is newly discovered and he did not become aware of it until 2014, long after his trial and sentence in federal court. He further alleges this newly discovered evidence is material and would produce a different result if he was granted a new federal trial.

II. Legal Standard for a Motion for New Trial Under Rule 33(a) &(b)(6)

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To merit a new trial based on newly discovered evidence under Fed. R. Crim. P. 33(b)(6), the defendant must establish that "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995); *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005). "As a matter of law, the trial court cannot grant a motion for a new trial based on newly discovered evidence once it has determined that the movant has failed to satisfy any part of the five part test." *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989).

III. Discussion

A. Newly discovered evidence and the exercise of due care to discover the evidence

Mathis asserts he first discovered his cell phone and its photo gallery were accessed on December 19, 2011, during a state court suppression hearing in February 2014. Mathis submits

he exercised due care to discover the evidence because upon learning of the alleged access to his cell phone during the state court suppression hearing, he contacted his lawyer in order to hire a forensic expert to investigate when the cell phone had been accessed.

Assuming the truth of these facts, Mathis still fails show that this evidence could not have been discovered during his federal case. The cell phone and the Government's forensic analysis of the phone were made available to Mathis in discovery on November 20, 2012, four months prior to his federal trial. (Dkt. 197-1A). He had the opportunity to investigate when his cell phone had been accessed at that time. Although the opinion of Robert Moody might be new, Mathis could have had an expert examine the cell phone months before his trial commenced. Because Mathis fails to describe any attempts to investigate the alleged December 19, 2011 access to his cell phone when he had the opportunity to do so, he has not met his burden of showing he exercised due care to discover the evidence. Therefore his motion for new trial on the basis of newly discovered evidence must be denied. *See Thompson*, 422 F.3d at 1294 (holding a defendant's failure to satisfy any of the five elements necessary to warrant a new trial is fatal to a motion for a new trial).

B.  Newly discovered evidence would produce a different result.

In addition, Mathis has failed to show the purportedly newly discovered evidence was of such a nature that a new trial would probably produce a different result. Mathis' argument that a new trial would produce a different result hinges on the cell phone evidence being suppressed. However, the cell phone evidence would be admissible in any new trial, regardless of any illegal access on December 19, 2011, because law enforcement obtained a search warrant for the search of the cell phone on December 22, 2011. The search warrant application did not contain any information gained from the alleged illegal December 19, 2011 access to the cell phone. Instead,

the search warrant relied on independent probable cause, the interview of the victim, JLJ, and the recorded phone call between victim and Mathis. (Dkt. 197-2). Therefore, Mathis has failed to show a new trial would produce a different result and the motion for new trial should be denied for this reason as well.

### IV. Evidentiary Hearing

Mathis requests an evidentiary hearing on the matters presented in his motion. A hearing on Mathis' motion is unnecessary. It is not necessary to hold an evidentiary hearing when the resolution of a motion for new trial is clear. *United States v. Jernigan,* 341 F.3d 1273, 1289 (11th Cir.2003). A district court's familiarity with a case can allow the court to rule on a motion for a new trial based on new evidence without holding an evidentiary hearing. *See United States v. Schlei,* 122 F.3d 944, 994 (11th Cir.1997). Here, the undersigned was the trial judge and is familiar with the case. The Court finds no evidentiary hearing is warranted in this case.

Accordingly the Motion for New Trial (Dkt. 194) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 11th day of September, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* Petitioner